

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

**UNITED STATES OF AMERICA**,

                Plaintiff,

– against –

**PETER VASQUEZ**,

                Defendant.

------------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

17-CR-390-6 (AMD)

**ANN M. DONNELLY**, United States District Judge:

      Before the Court is the defendant's *pro se* motion for reconsideration pursuant to Fed. R. Civ. P. 60(b)(4).  In 2020, the defendant pled guilty to one count of racketeering conspiracy.  He was sentenced to twenty-two years in prison followed by three years of supervised release.  The defendant filed a habeas petition in 2022, challenging his conviction on ineffective assistance of counsel grounds.  The Honorable Raymond Dearie, to whom this case was then assigned, denied the petition as frivolous.[1]  The Second Circuit denied the defendant's application for a certificate of appealability and dismissed the appeal.  The defendant now seeks reconsideration of Judge Dearie's decision.  For the following reasons, the motion is denied.

## BACKGROUND

      On January 16, 2020, the defendant pled guilty before Judge Dearie to one count of racketeering conspiracy in violation of 18 U.S.C. § 1962(d).  (ECF No. 832-2.)  Judge Dearie sentenced the defendant to twenty-two years in prison and three years of supervised release.  (ECF No. 832-3 at 34.)

---

[1] The case was reassigned to this Court on August 5, 2024.

On October 12, 2022, the defendant, represented by counsel, filed a habeas petition under 22 U.S.C. § 2255.  (ECF No. 808.)  The defendant alleged that his previous counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984), and that the court should "vacate the guilty plea and his sentence." (*Id.* at 32.)  In a September 27, 2023, order, Judge Dearie denied the petition as "frivolous" and declined to issue a certificate of appealability. (ECF No. 844.)  Judge Dearie found that the defendant's "assertions impugning counsel's representation in connection with the defendant's decision to plead guilty are flatly contradicted by the defendant's factual allocution and his other statements at his plea, all made under oath, in open court, and in the presence of counsel." (*Id.* at 2.)  The defendant appealed to the Second Circuit, and filed a motion for a certificate of appealability.  (ECF No. 862.)  On May 8, 2024, the Second Circuit denied the defendant's motion and dismissed the appeal.  (*Id.*)

The defendant filed this motion for reconsideration on July 3, 2024.  (ECF No. 865.)  He argues that "the United States Attorney did not have authority to substitute the Grand Jury indictment to institute orally an information," and, as a result, the waivers made in his guilty plea were "not binding and did not confer power on the convicting court to hear the case." (*Id.* at 14.)  He claims that the judgment "is void as a matter of law" and must be thrown out pursuant to Fed. R. Civ. P. 60(b)(4).  (*Id.*)  The government responds that the Court should deny the motion because the defendant "does not challenge the habeas proceedings, but instead challenges his underlying conviction on the merits."  (ECF No. 868.)

## DISCUSSION

Under Fed. R. Civ. P. 60(b)(4), a district court "may relieve a party or its legal representative from a final judgment, order, or proceeding" if "the judgment is void."  Whether to grant a party's Rule 60(b) motion is "committed to the 'sound discretion' of the district court."

2

*Universitas Educ., LLC v. Grist Mill Cap., LLC*, No. 21-2690, 2023 WL 2170669, at *2 (2d Cir. Feb. 23, 2023) (quoting *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012)).

"A motion that 'seeks to add a new ground for relief' or that 'attacks the federal court's previous resolution of a claim on the merits' can only be raised in a successive habeas petition," as compared to a motion "identifying 'some defect in the integrity of the federal habeas proceedings,' which may be considered on a Rule 60(b) motion." *United States v. Spigelman*, No. 05-CR-960, 2017 WL 2275022, at *3 (S.D.N.Y. May 24, 2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)); *see also United States v. Christian Bros. Contracting Corp.*, 586 F. App'x 79, 80 (2d Cir. 2014) (observing that "Rule 60(b) is not available to directly challenge the integrity of an underlying criminal conviction or sentence"). When a Rule 60(b) motion attacks the underlying conviction, a district court has "two procedural options: (i) the court may treat the Rule 60(b) motion as 'a second or successive' habeas petition, in which case it should be transferred to [the Second Circuit] for possible certification, or (ii) the court may simply deny the portion of the motion attacking the underlying conviction 'as beyond the scope of Rule 60(b).'"[2] *Harris v. Goord*, No. 03-CV-05117, 2024 WL 3498506, at *2 (E.D.N.Y. July 22, 2024) (quoting *Harris v. United States*, 367 F.3d 74, 82 (2d Cir. 2004)).

The defendant's argument in his Rule 60(b) motion is that the government could not "substitute the Grand Jury indictment to institute orally an information" and that, by extension, the "waivers made by defendant . . . are not binding" and rendered his "conviction void as a matter of law." (ECF No. 865 at 14.) This is a challenge to the validity of his underlying

---

[2] The Second Circuit has cautioned that "district courts must be careful not to recharacterize a portion of the 60(b) motion as a second or successive collateral attack and transfer it to this Court until the prisoner has been informed of the district court's intent to transfer and afforded a sufficient opportunity to avoid the transfer by withdrawing . . . the portion of his 60(b) motion that the district court believes presents new challenges to the underlying conviction." *Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2002).

3

conviction — not his Section 2255 petition. (*See id.*) The defendant raises no procedural or substantive claims about Judge Dearie's order denying the defendant's Section 2255 petition. (*See id.*) Accordingly, because the defendant's motion goes "beyond the scope of Rule 60(b)," it is denied. *See Harris*, 367 F.3d at 82 (quoting *Gitten*, 311 F.3d at 534).

## CONCLUSION

For these reasons, the motion is denied.

**SO ORDERED.**

                                                                                                  s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
       October 10, 2024

4